## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTELLECTUAL VENTURES II LLC,**<br><br>   Plaintiffs,<br><br>   v.<br><br>**CANON INC. and CANON U.S.A., INC.,**<br><br>   Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures II") for its Complaint against Defendants Canon Inc. and Canon U.S.A., Inc. (collectively, "Canon"), hereby alleges as follows:

## PARTIES

1.  Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2.  On information and belief, Defendant Canon Inc. is a corporation organized under the laws of Japan having a principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

3.  On information and belief, Defendant Canon U.S.A., Inc. is a corporation organized under the laws of New York, having a principal place of business at One Canon Plaza, Melville, New York, 11747.

4.  On information and belief, Canon U.S.A., Inc. is a wholly owned subsidiary of Canon Inc.

1

## NATURE OF THE ACTION

5. This is a civil action for the infringement of United States Patent Nos. 6,570,717 ("the '717 Patent") (attached as Exhibit A), 8,030,723 ("the '723 Patent") (attached as Exhibit B), and 8,698,266 ("the '266 Patent") (attached as Exhibit C) (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

7. This Court has personal jurisdiction over Canon because, among other things, Canon has committed, aided, abetted, contributed to, and/or participated in acts of patent infringement in violation of 35 U.S.C. § 271 in this District that led to foreseeable harm and injury to Intellectual Ventures II within the District.

8. This Court also has personal jurisdiction over Canon because, among other things, Canon has established minimum contacts within the forum such that the exercise of jurisdiction over Canon will not offend traditional notions of fair play and substantial justice. For example, Canon has placed infringing products into the stream of commerce with the reasonable knowledge, expectation, and/or understanding that such products are used and sold in this District. Those acts have caused and continue to cause injury to Intellectual Ventures II within the District. In addition, Canon has sold, advertised, marketed, and distributed products in this District that practice the claimed inventions of the Patents-in-Suit. Canon derives substantial revenue from the sale of infringing products distributed within the District, and/or expects or

should reasonably expect its actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Canon resides in this District, is subject to personal jurisdiction in this District, and has committed acts of infringement in this District.

## THE PATENTS-IN-SUIT

10. On May 27, 2003, the '717 Patent, titled "Adjustable Lens Assembly," was duly and lawfully issued by the U.S. Patent and Trademark Office ("PTO").

11. The '717 Patent is assigned on its face to Industrial Technology Research Institute ("ITRI"). ITRI assigned the entire right, title, and interest to the '717 Patent to TransPacific IP 1 Ltd. ("TransPacific") and recorded that assignment with the PTO. Subsequent to that assignment, TransPacific granted an exclusive license and all substantial rights to the '717 Patent to Yamahiro Kogyo Co. LLC ("YKC"). By merger, YKC merged into Intellectual Ventures II. As a result of the merger, Intellectual Ventures II is the exclusive licensee and owner of all substantial rights of the '717 Patent, and holds the right to sue and recover damages for infringement thereof, including current and past infringement.

12. On October 4, 2011, the '723 Patent, titled "Image Sensor With Decreased Optical Interference Between Adjacent Pixels," was duly and lawfully issued by the PTO.

13. Intellectual Ventures II owns the '723 Patent, and holds the right to sue and recover damages for infringement thereof, including current and past infringement.

14. On April 15, 2014, the '266 Patent, titled "Image Sensor With Decreased Optical Interference Between Adjacent Pixels," was duly and lawfully issued by the PTO.

15. Intellectual Ventures II owns the '266 Patent, and holds the right to sue and recover damages for infringement thereof, including current and past infringement.

## FACTUAL BACKGROUND

16. Intellectual Ventures Management, LLC was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities, and other institutions. A significant aspect of Intellectual Ventures Management, LLC's business is managing the plaintiff in this case, Intellectual Ventures II.

17. Intellectual Ventures also develops its own inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed a plethora of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures also has invested in laboratory facilities to assist with the development and testing of new ideas.

18. Intellectual Ventures also develops inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas.

19. Canon is a company that designs, manufactures, markets and sells consumer electronics, e.g., digital imaging products such as digital single-lens reflex ("DSLR") cameras, compact digital cameras, and digital camcorders, worldwide including in the United States.

20. Intellectual Ventures first approached Canon in 2009 about taking a license to Intellectual Ventures' patents. Over the next several months, in an effort to negotiate a license, Intellectual Ventures discussed many of its patents with Canon. During those discussions, Intellectual Ventures explained to Canon how Canon was using Intellectual Ventures' patented inventions in Canon's digital imaging products. Despite Intellectual Ventures' good-faith efforts to negotiate a business solution, Canon refused to license Intellectual Ventures' patents on reasonable terms and continued using Intellectual Ventures' inventions without permission.

21. After approximately two years of trying to negotiate a business solution with Canon, on September 9, 2011, Intellectual Ventures filed a lawsuit against Canon Inc. and Canon U.S.A., Inc. for infringing several of its patents because Canon refused to pay Intellectual Ventures for a license. (D.I. 1 in *Intellectual Ventures I LLC v. Canon Inc.*, Civil Action No. 11-cv-792-SLR (D. Del.).) To date, Canon has continued to refuse to pay Intellectual Ventures for a license to any of its patents.

## COUNT I
### (Canon's Infringement of the '717 Patent)

22. Paragraphs 1-21 are incorporated by reference as if fully restated herein.

23. The '717 Patent is valid and enforceable.

24. Canon, either alone or in conjunction with others, has infringed, literally and/or under the doctrine of equivalents, one or more claims of the '717 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products that comprise at least an adjustable lens assembly, including but not limited to the Canon PowerShot

SX600 HS, the Canon PowerShot SX280 HS, the Canon PowerShot ELPH 135, the Canon PowerShot ELPH 350, the Canon PowerShot N100, and all other PowerShot cameras with a similar adjustable lens assembly, without authority and in violation of 35 U.S.C. § 271.

25. Intellectual Ventures has been and continues to be damaged by Canon's infringement of the '717 Patent.

26. Intellectual Ventures will be irreparably harmed if Canon is not enjoined from using the technology in Intellectual Ventures' '717 Patent.

27. Canon's conduct in infringing the '717 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II
### (Canon's Infringement of the '723 Patent)

28. Paragraphs 1-27 are incorporated by reference as if fully restated herein.

29. The '723 Patent is valid and enforceable.

30. Canon, either alone or in conjunction with others, has infringed, literally and/or under the doctrine of equivalents, one or more claims of the '723 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products that comprise at least an image sensor with at least one dummy metal line, including but not limited to the Canon EOS 1DX, the Canon EOS Rebel T3i, the Canon PowerShot G1X Mark II, and all other Canon cameras with a similarly manufactured image sensor, including those sensors having the die markings "LC1220A", "LC1310", or "POI X", without authority and in violation of 35 U.S.C. § 271.

31. Intellectual Ventures has been and continues to be damaged by Canon's infringement of the '723 Patent.

32. Intellectual Ventures will be irreparably harmed if Canon is not enjoined from using the technology in Intellectual Ventures' '723 Patent patented technology.

33. Canon's conduct in infringing the '723 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT III
### (Canon's Infringement of the '266 Patent)

34. Paragraphs 1-33 are incorporated by reference as if fully restated herein.

35. The '266 Patent is valid and enforceable.

36. Canon, either alone or in conjunction with others, has infringed, literally and/or under the doctrine of equivalents, one or more claims of the '266 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products that comprise at least an image sensor with at least one dummy metal line, including but not limited to the Canon EOS 1DX, the Canon EOS Rebel T3i, the Canon PowerShot G1X Mark II, and all other Canon cameras with a similarly manufactured image sensor, including those sensors having the die markings "LC1220A", "LC1310", or "POI X", without authority and in violation of 35 U.S.C. § 271.

37. Intellectual Ventures has been and continues to be damaged by Canon's infringement of the '266 Patent.

38. Intellectual Ventures will be irreparably harmed if Canon is not enjoined from using the technology in Intellectual Ventures' '266 Patent patented technology.

39. Canon's conduct in infringing the '266 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Intellectual Ventures II respectfully requests the following relief:

    a)      A judgment that Canon has infringed the '717 Patent;

    b)      A judgment that Canon has infringed the '723 Patent;

    c)      A judgment that Canon has infringed the '266 Patent;

    d)      A judgment that Intellectual Ventures II be awarded all appropriate damages under 35 U.S.C. § 284 for Canon's past infringement and any continuing or future infringement of the '717, '723, and '266 Patents up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures II for Canon's infringement, an accounting;

    e)      A judgment that Intellectual Ventures II be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action;

    f)      A judgment that Intellectual Ventures II be awarded such further relief at law or in equity as the Court deems just and proper;

    g)      A judgment that this case is exceptional pursuant to 35 U.S.C. § 285; and

    h)      An injunction against Canon under 35 U.S.C. § 283 to prevent Canon's ongoing violations of Intellectual Ventures' patented rights, either directly or indirectly.

## **DEMAND FOR JURY TRIAL**

Intellectual Ventures II hereby demands a trial by jury on all claims and issues so triable.

| | |
|---|---|
| DATED:  June 2, 2015 | Respectfully submitted, |
| | FARNAN LLP |
| Of Counsel: | /s/ Brian E. Farnan |
| | Brian E. Farnan (Bar No. 4089) |
| John M. Desmarais | 919 North Market Street |
| Alan S. Kellman | 12th Floor |
| Lauren M. Nowierski | Wilmington, DE 19801 |
| DESMARAIS LLP | (302) 777-0300 |
| 230 Park Avenue | (302) 777-0301 |
| New York, NY 10169 | bfarnan@farnanlaw.com |
| (212) 351-3400 (Tel) | |
| (212) 351-3401 (Fax) | |
| jdesmarais@desmaraisllp.com | |
| akellman@desmaraisllp.com | |
| lnowierski@desmaraisllp.com | |
| | *Counsel for Plaintiff* |